UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERATION OF TELUGU ASSOCIATIONS OF SOUTHERN CALIFORNIA, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TELUGU ASSOCIATION OF SOUTHERN CALIFORNIA, a California corporation<br><br>　　　　　Defendant. | CV 14-1278 RSWL (ASx)<br><br>**ORDER re: PLAINTIFF'S MOTION FOR SANCTIONS** [66] |

　　Before the Court is Plaintiff Federation of Telugu Associations of Southern California's ("Plaintiff") Motion for Sanctions against Defendant Telugu Association of Southern California ("Defendant") and Defense Counsel [66]. The Court, having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS**:

　　The Court **DENIES** Plaintiff'S Motion for Sanctions.

1

1    Federal Rule of Civil Procedure 11 provides that
2 every pleading, motion, or other paper presented to the
3 court must be signed by an attorney, or the party if
4 not represented by an attorney.  Fed. R. Civ. P. 11(a).
5 The signature certifies that the pleading, motion, or
6 other paper is: 1) warranted by existing law or by a
7 non-frivolous argument for the extension, modification,
8 or reversal of existing law or the establishment of new
9 law; or 2) supported by evidence or, if specifically so
10 identified, are likely to have evidentiary support
11 after a reasonable opportunity for further
12 investigation or discovery.  Fed. R. Civ. P. 11(b)(2)
13 and (3).
14    The test imposed by Rule 11 is an objective one.
15 Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th
16 Cir. 1986).  The certification requirements of Rule 11
17 are violated "if the paper filed . . . is frivolous,
18 legally unreasonable, or without factual foundation,
19 even though . . . not filed in subjective bad faith."
20 Id.  Rule 11 "must be read in light of concerns that it
21 will . . . chill vigorous advocacy." Cooter & Gell v.
22 Hartmarx Corp., 496 U.S. 384, 393 (1990).  "If, judged
23 by an objective standard, a reasonable basis for the
24 position exists in both law and in fact at the time the
25 position is adopted, then sanctions should not be
26 imposed." Golden Eagle Distributing Corp. v. Burroughs
27 Corp., 801 F.2d 1531, 1538 (9th Cir. 1986).
28

Frivolous filings meriting imposition of sanctions under Rule 11 are those that are both baseless and made without reasonable and competent inquiry. Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir. 1997). A meritless claim "is to be understood as meaning groundless or without foundation, rather than simply the [party] has ultimately lost [its] case." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1977). "The pleader, at a minimum, must have a 'good faith argument' for his or her view of what the law is, or should be. A good faith belief in the merit of a legal argument is an objective condition which a competent attorney attains only after "reasonable inquiry." Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir. 1986).

Sanctions under Rule 11 are limited to misconduct in the filing of "pleading[s], written motion[s], and other paper[s]" filed with the court. Fed. R. Civ. P. 11(b); see, e.g., Christian v. Mattel, Inc., 286 F.3d 1118 (9th Cir. 2002). The decision to impose a sanction is within the discretion of the court. Fed. R. Civ. P. 11(c). An award of FRCP Rule 11 Sanctions is reviewed for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).

With respect to the alleged failure to investigate the declaration in question, Defendant argues that it made a reasonable effort to communicate with the third party about the contents of the declaration and process

for signing it by sending a series of e-mails to the third party regarding the declaration. See Opp'n 8:4-20. Further, Defendant expresses its own confusion at why the third party stopped communicating and instead sought his own counsel, but argues that the lack of communication should not result in sanctions upon Defendant. Id. at 8:21-24.

Even if the contents of the declaration are false, there is little evidence that Defendant or Defense Counsel failed to investigate and then knowingly filed a false declaration. Thus, it appears that the Offending Parties' conduct does not rise to the level of a sanctionable offense. See Havensight Capital v. Nike, 2015 WL 993344 (C.D. Cal. 2015); Mercury Serv. v. Allied Bank, 117 F.R.D. 147, 156 (C.D. Cal. 1987). Defendant is correct in asserting that Plaintiff seems to be confusing the credibility of a witness with a failure to investigate.

With respect to Plaintiff's charge of failing to investigate and then filing an unsupported affirmative defense, Defendant has yet to specifically plead the defense in question, abatement, although it has noted that it may yet raise such a defense. Opp'n 11:17-23. Further, while Plaintiff argues that the third party's deposition indicates that abandonment is not a tenable defense, Defendant is correct in asserting that the third party's inconsistent deposition testimony does not necessarily mean that any suggestion of abandonment

is uninvestigated or unreasonable, as is required for sanctions.  Accordingly, the Court should not find any conduct worthy of sanctions here.  Finally, because Plaintiff's third grounds for sanctions, unreasonable delay, is based on the first two accusations, it is similarly without merit.  Accordingly, Plaintiff's Motion is **DENIED** in its entirety.  Finally, given that it is early in the discovery process and the Parties are already failing to cooperate, the Court admonishes both parties that they are expected to engage professionally and that future filings from either party are expected only after reasonable attempts to remedy any problems.

**IT IS SO ORDERED.**

DATED: July 17, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge